UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA                                                :
                                                                        :
          -v-                                                        :    23 Crim. 107    (LGS)
                                                                        :
JAHLIL FORD,                                                            :              ORDER
                                                                        :
          Defendant(s).                                              :
                                                                        :
------------------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

      This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

      The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

      As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. Additionally, if information is otherwise subject to disclosure, it must be disclosed regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.

For purposes of this Order, the Government includes all current or former federal, state, and local prosecutors, law-enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged. The Government has an affirmative obligation to seek from such sources all information subject to disclosure under this Order.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose sanctions on any responsible lawyer for the Government;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

SO ORDERED.

Dated: February 27, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE